IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS )
CORPORATION, )
 )
Plaintiff, )
 )
v. )          Civil Action No. 18-1043 (KAJ)
 )
ACCORD HEALTHCARE INC., ET AL., )
 )
Defendants. )
 )

———————

MEMORANDUM OPINION

———————

Michael P. Kelly, Daniel M. Silver, Alexandra M. Joyce, Nichols, McCarter & English,
LLP, 405 N. King Street, 8th Floor Wilmington, Delaware 19801, *Counsel for Plaintiff*
    Of Counsel:  Jane M. Love, Ph.D., Robert W. Trenchard, Paul E. Torchia, Laura
                Corbin, Kyanna Sabanoglu, Gibson, Dunn & Crutcher LLP, 200
                Park Avenue, New York, NY 10166
                Andrew P. Blythe, Gibson, Dunn & Crutcher LLP, 333 South Grand
                Avenue, Los Angeles, CA 90071
                Christine L. Ranney, Gibson, Dunn & Crutcher LLP, 1801
                California St., Denver, CO 80202

Stamatios Stamoulis, Richard C. Weinblatt, Stamoulis & Weinblatt, LLP, 800 N. West
St., 3rd Floor, Wilmington, DE 19801, *Counsel for Defendant HEC Pharm Co. Ltd. and
HEC Pharm USA Inc.*
    Of Counsel:  Mieke K. Malmberg, Skiermont Derby LLP, 800 Wilshire Blvd.,
                Ste. 1450, Los Angeles, CA 90017
                Paul J. Skiermont, Sarah E. Spires, Skiermont Derby LLP, 1601 Elm
                Street, Suite 4400, Dallas, TX 75201

December 15, 2020
Wilmington, Delaware

JORDAN, Circuit Judge, sitting by designation.

## I.      Introduction

Novartis asks me to "to extinguish any claim by Defendant HEC to the

preliminary injunction bond in this case." (D.I. 785 at 1.)  It argues that the bond was

meant only to compensate HEC if it was wrongfully enjoined as a preliminary matter,

and now that final judgment and a permanent injunction have been entered, HEC no

longer has any rights in the preliminary injunction bond.  HEC disagrees, arguing that the

bond should stay in place because, if the Federal Circuit overturns this Court's final

judgment, then HEC would have been wrongfully enjoined.  I agree with Novartis.  The

preliminary injunction no longer exists and HEC has argued no sound basis for issuing a

bond in support of this Court's permanent injunction and final judgment.

## II.     Background

Novartis sued twenty-three makers of a generic version of its Gilenya product for

infringement of U.S. Pat. No. 9,187,405 (the "'405 Patent"), under the terms of the

Hatch-Waxman Act, 35 U.S.C. § 271(e)(2).  In February 2019, Novartis moved for a

preliminary injunction against certain defendants who would not commit to wait until

after trial to launch their products.  (D.I. 357.)  Following an evidentiary hearing, a

preliminary injunction order was entered on August 1, 2019.  (D.I. 629.)  Pursuant to

Federal Rule of Civil Procedure 65, Novartis posted a $50 million unsecured bond (the

"PI Bond").  (D.I. 632.)  That bond ensured that Novartis was accountable for any costs

incurred by HEC if "[HEC] is found to have been wrongfully enjoined." (D.I. 632 at 2.)

2

I later determined, after a bench trial, that the '405 Patent was valid and infringed. (D.I. 769.)  Final judgment and a permanent injunction were then entered against HEC. (D.I. 780.)

## III.   Discussion

Novartis's position is simple: it argues that "there is no longer any basis for a PI bond" because the issue of whether HEC was "wrongly enjoined" only exists in the context of the preliminary injunction and does not pertain to a potential later reversal of final judgment on appeal.  (D.I. 785 at 3.)  Novartis argues that the purpose of bonds issued in conjunction with preliminary injunctions is "solely 'to compensate the defendant, in the event he prevails on the merits, for the harm that an injunction entered before the final decision caused him[.]'"  (D.I. 785 at 3 (quoting *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002)).)  For this reason, says Novartis, the Supreme Court has found it "reasonable to regard the preliminary injunction as merging into the final one[.]" *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314-15 (1999); *see also Fundicao Tupy S.A. v. United States and Cast Iron Pipe Fittings Comm.*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) ("[A]lthough a preliminary injunction is usually not subject to a fixed time limitation it 'is *ipso facto* dissolved by a dismissal of the complaint or the entry of a final decree in the cause.'") (citations omitted).

Novartis cites an analogous case from the Southern District of New York, *Broker Genius Inc. v. Seat Scouts LLC*, in which the court extinguished a PI bond after final judgment was issued but before the appeal was decided.  No. 17-cv-8627, 2019 WL

3026754, at *4 (S.D.N.Y. July 11, 2019).  That court reasoned that, "[u]nlike a preliminary injunction, a permanent injunction does not require a bond." *Id.* at *3 (citing *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1108 n.8 (9th Cir. 2003)).  It cited *Grupo Mexicano de Desarrollo S.A.*, where the Supreme Court had held that "even if the preliminary injunction was wrongly issued (because at that stage of the litigation the plaintiff's prospects of winning were not sufficiently clear, or the plaintiff was not suffering irreparable injury) its issuance would in any event be harmless error [because] [t]he final injunction establishes that the defendant should not have been engaging in the conduct that was enjoined." *Id.* (quoting 527 U.S. at 314-15).  The *Broker Genius* court noted that cases cited for the opposing position, at most, ambiguously referenced the "ultimate determination" without explicitly referencing appeal.[1]  *Id.*

In response, HEC contends that the bond should stay in place until after appeal of the final judgment, arguing that the wrongfulness of an injunction cannot be determined until the conclusion of the appeal.  HEC chiefly relies on a Third Circuit decision noting

---

[1] Novartis cites various additional cases treating final judgment as the appropriate cutoff point for PI Bonds. *See Glaxo Grp. Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349 n.3 (Fed. Cir. 2004) ("Because the entry of a permanent injunction obviates the need for a preliminary injunction bond, we find this issue to be moot." (citation omitted)); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1305, 1313 (Fed. Cir. 1998) (affirming the district court's "release[e of] the preliminary injunction bond following the entry of a permanent injunction"); *Coal. for Legal Servs. v. Legal Servs. Corp.*, 597 F. Supp. 198, 202 (D.D.C. 1984) ("[T]he Court finds that Plaintiffs brought the suit in good faith and the injunction was justifiably entered.  Plaintiffs' motion for summary judgment will be granted and the injunction bond discharged."); *Mister Softee, Inc. v. Amanollahi*, No. 2:14-cv-01687-KMJBC, 2016 WL 5745105, at *19 (D.N.J. Sept. 30, 2016); *Tinnus Enters., LLC v. Telebrands Corp.*, 369 F. Supp. 3d 704, 743 (E.D. Tex. 2019).

that a case should be "fully litigated" before injunction bond rights are determined. *Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*, 939 F.3d 597, 606 (3d Cir. 2019). The full quote, however, is less obviously supportive of HEC's position, and states: "Because a court can only be certain of an enjoined party's rights after a case has been fully litigated, 'wrongfully enjoined' can only be determined *after a final judgment* on the merits." *Id.* (emphasis added).

HEC also argues that two courts have permitted PI bonds to remain in effect pending appeal, albeit without reasoning and via discretionary oral order or inaction. HEC relies first on a short District of Delaware oral order that denied a Plaintiff's motion to release a PI bond. *See Mylan Pharms. Inc. v. Galderma Labs. Inc.*, 1:10-cv-00892-LPS (D. Del.), D.I. 193. In that case, the court reasoned only that "[i]ssues that may be addressed on appeal include issues relating to whether Mylan is entitled to compensation from the bond." *Id.* In addition, HEC points out that a New Jersey court waited (allegedly intentionally) to rule on a similar motion until after appeal. *See Daiichi Pharm. v. Apotex, Inc.*, 2:03-cv-00937-SDW-MCA (D.N.J.), D.I. 194, 229, 236, 241.

Lastly, HEC supports its position by emphasizing certain word choices in various appellate decisions. (*See* D.I. 787 at 3 (quoting *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ("A party has been 'wrongfully enjoined' under Fed. R. Civ. P. 65(c) *if it is ultimately found* that the enjoined party had at all times the right to do the enjoined act." (emphasis added by HEC)); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989) (describing the purpose of a preliminary injunction bond as to "provide[] a fund to use to

5

*compensate incorrectly enjoined defendants*." (emphasis added by HEC)); *Nat'l Collegiate*, 939 F.3d at 606).)

HEC's argument ultimately revolves around the idea that a party could have been wrongfully enjoined by a TRO or preliminary injunction despite the later issuance of a permanent injunction following trial and final judgment. Although it is certainly possible that a permanent injunction may be overturned on appeal, I disagree that a potential reversal of a *permanent injunction* on appeal is what a *PI bond* was designed to address. Should HEC succeed on appeal, it would succeed in proving that the final judgment was in error. Rule 65(c), under which the PI Bond was ordered, authorizes security for "a preliminary injunction or temporary restraining order," without mention of a permanent injunction.

If HEC were appealing the grant of a TRO or preliminary injunction, then its argument that the bond should remain in effect on appeal would have greater weight. But HEC asks that the PI Bond should be employed to protect against the consequences of a permanent injunction, issued as part of a final judgment after a full trial. Because the preliminary injunction merged with the final judgment, it makes no difference whether HEC frames its request as continuance of the PI Bond or issuance of a new permanent injunction bond -- the two are functionally the same. HEC does not attempt to argue that it is entitled to a bond against the permanent injunction, and indeed it is not.

## IV.    Conclusion

Given Novartis's success on the merits at trial and the issuance of a permanent injunction, it is entitled to be released from any claim by HEC against the PI Bond.  The pending motion will be granted.