IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS              )
CORPORATION,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil Action No. 18-1043 (KAJ)
                                      )
ACCORD HEALTHCARE INC., ET AL.,       )
                                      )
            Defendants.               )
                                      )

———————————

MEMORANDUM OPINION

———————————

Daniel M. Silver, Alexandra M. Joyce, McCarter & English, LLP, 405 N. King Street, 8th Floor Wilmington, Delaware 19801, *Counsel for Plaintiff*
      Of Counsel:  Jane M. Love, Ph.D., Robert W. Trenchard, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166


Stamatios Stamoulis, Stamoulis & Weinblatt, LLP, 800 N. West St., 3rd Floor, Wilmington, DE 19801, *Counsel for Defendants HEC Pharm Co., Ltd. and HEC Pharm USA Inc.*
      Of Counsel:  Paul J. Skiermont, Mieke K. Malberg, Sarah E. Spires, Steven J. Udick, Skiermont Derby LLP, 1601 Elm Street, Suite 4400, Dallas, TX 75201

———————————

July 9, 2024
Wilmington, Delaware

JORDAN, *Circuit Judge*, sitting by designation.

## I.    BACKGROUND

Novartis Pharmaceuticals Corporation ("Novartis") sued twenty-three makers of a generic version of its Gilenya product for infringement of U.S. Patent No. 9,187,405 (the "'405 Patent"), under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2). In February 2019, Novartis moved for a preliminary injunction against certain defendants who would not commit to wait until after trial to launch their products. (D.I. 357.) Following an evidentiary hearing, a preliminary injunction order was entered on August 1, 2019. (D.I. 629.) Pursuant to Federal Rule of Civil Procedure 65, Novartis posted a $50 million unsecured bond (the "PI Bond"). (D.I. 632.) That bond ensured that Novartis would be accountable for costs incurred by HEC Pharm Co., Ltd. and HEC Pharm USA Inc. (collectively, "HEC") if the preliminary injunction proved to be unwarranted. (D.I. 632 at 2.)

I later determined, after a bench trial, that the '405 Patent was valid and infringed. (D.I. 769.) Final judgment and a permanent injunction were then entered against HEC. (D.I. 780.) HEC appealed those decisions to the Federal Circuit in October 2020. (D.I. 786.) Novartis then asked me to extinguish the PI Bond, which I did in December 2020, ruling, as a matter of law, that a defendant's right to a preliminary injunction bond ends once final judgment and a permanent injunction has been entered against it, regardless of its success on appeal. *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. CV 18-1043 (KAJ), 2020 WL 7356617, at *2 (D. Del. Dec. 15, 2020). I reasoned that a preliminary injunction bond was meant to protect against a wrongfully issued preliminary

2

injunction – with its lower standard of proof – and that once a final judgment was entered, the bond had served its purpose and ought to be extinguished. *Id.*; *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989) ("The bond grows out of the idea that because of attenuated procedure, an interlocutory order has a higher than usual chance of being wrong."). HEC then asked the Federal Circuit to stay that decision pursuant to Federal Rule of Appellate Procedure 8(a). (D.I. 873-1, Ex. 7.) It did so over Novartis's objection, saying "that no significant harm" would result to Novartis from a stay. (D.I. 873-1, Ex. 8; *see* D.I. 889-1, Ex. 2 (Novartis opposition).)

The case on appeal took a twist and turn. First, a split panel of the Federal Circuit affirmed the judgment on validity and infringement of the '405 patent. *Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 21 F.4th 1362 (Fed. Cir. 2022). Then, after HEC sought rehearing, one of the judges in the panel majority retired and the newly constituted panel granted rehearing and reversed, over a dissent, so HEC came away the winner. *Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013 (Fed. Cir. 2022).[1] The Federal Circuit's mandate issued October 17, 2022 (D.I. 873-1, Ex. 15), and the Supreme Court denied Novartis's petition for certiorari on April 17, 2023. *Novartis Pharms. Corp. v. HEC Pharm Co.*, 143 S. Ct. 1748 (2023). Now before me is HEC's motion to recover damages under the PI Bond (D.I. 871), and Novartis's motion to strike the same (D.I. 887). HEC opposed Novartis's motion (D.I. 891), Novartis replied (D.I. 895), and I

---

[1] The parties continued conferring about the PI Bond. At a November 30, 2022 hearing, I told HEC to wait to file its motion to collect on the bond until after the Supreme Court ruled on certiorari, "assuming, just for the sake of discussion, that there weren't a jurisdictional impediment[.]" (D.I. 873-1, Ex. 23 at 14:10-16:13.)

conducted a hearing on the motions on June 14, 2024.  For the reasons that follow, I will

DENY HEC's motion for recovery and DENY Novartis's motion to strike AS MOOT.

## II.    DISCUSSION[2]

Novartis argues that I am precluded from reinstating the PI Bond because HEC

never appealed my December 2020 decision to extinguish the Bond.  (D.I. 888 at 6.)  It

argues further that HEC's October 2020 appeal of the judgment does not cover my later-

issued December order, so "HEC was obliged to separately appeal" or amend its October

appeal to include "the order extinguishing the bond to have any hope that the bond would

remain in place."  (D.I. 888 at 7-9.)  HEC argues that it sought a stay of the December

order and that the Federal Circuit ultimately sided with HEC, so my "order extinguishing

HEC's claim to the bond never took effect," giving HEC the automatic right to exercise

its right to the PI Bond.  (D.I. 891 at 16-19.)  It also argues that it could not have appealed

the December order because that order was "so closely tied to the final judgment … and

thus did not meet the requirements of appealability under the collateral order doctrine[.]"

(D.I. 891 at 17.)  Novartis has the better argument.

A party has 30 days to appeal a final adverse trial court decision.  28 U.S.C. §

2107(a); *see also* Fed. R. App. P. 4(a)(1)(A).  That deadline is "mandatory and

---

[2] Because this case implicates "procedural matters, that are not unique to patent issues," Third Circuit law applies.  *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984).  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions and briefs are typically not thought of as pleadings subject to motions to strike, *Sears v. Mooney*, No. 1:17-CV-50, 2019 WL 461960, at *1-2 (M.D. Pa. Feb. 6, 2019), and, in any event, HEC's motion is not redundant, immaterial, impertinent, or scandalous.

jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007). HEC should have separately appealed the December order extinguishing the bond or amended its October appeal of the judgment to include it. Most post-judgment orders are appealable final judgments. *See* 15B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3916 (West 2024) ("[F]inal judgment appeal should be available upon conclusion of most post-judgment proceedings."). "[I]n assessing the appealability of a post-judgment order, the appropriate inquiry is whether the order … affects rights or creates liabilities not previously resolved by the adjudication on the merits." *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993).

The December 2020 order extinguishing the PI Bond meets that test. It affected HEC's right to execute on the bond and did not flow inexorably from the final judgment – it separately analyzed the PI Bond's role and the interplay between preliminary and permanent injunctions. Those are legal questions HEC could have appealed separately from the merits. Likewise, the order left "nothing to be done in the cause save to superintend, *ministerially*, the execution of the decree." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 255 (3d Cir. 2022). So, HEC, at best, had 30 days from April 17, 2023, when the Supreme Court denied Novartis's motion for certiorari, to appeal the order extinguishing the PI Bond.[3]

---

[3] I need not decide whether the time began to run even earlier – from the December 2020 order or from October 2022 when the Federal Circuit issued its mandate – because HEC never appealed.

HEC argues that "the order extinguishing the bond was so closely tied to the final judgment on validity that it could not be decided separately" and so could not be appealed "under the collateral order doctrine[.]" (D.I. 891 at 17.)  Not so.  The order extinguishing the bond was a separate final order, entered post-judgment and relying on legal principles aside from the merits of the final judgment (patent validity and infringement).  HEC provides no case citation demonstrating that post-judgment bond orders are traditionally non-appealable.  (*See* D.I. 891 at 17 (citing *New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 819 (3d Cir. 2010), which merely delineates the collateral order factors).)  *Cf. Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (holding that an order setting the terms of a bond was a "classic 'collateral order,' appealable separately from the final judgment on the merits").

Because HEC failed to timely appeal the post-judgment PI Bond order, the order is subject to "direct estoppel" or issue preclusion.[4]  "Direct estoppel … governs the preclusive effect of a litigated issue in a separate proceeding within a single suit." *Cotton v. Heyman*, 63 F.3d 1115, 1118 n.1 (D.C. Cir. 1995).  Though a district court maintains power to revise an order "at any time before the entry of a [final] judgment[,]" Fed. R. Civ. P. 54(b), failure to appeal a final judgment "should establish a sound foundation for issue preclusion[,]" 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4418 (West 2024); *cf. Ermini v. Scott*, 937 F.3d 1329,

---

[4] Novartis is correct that HEC's October 2022 appeal did not sweep in the later-issued December bond order. *See Carrascosa v. McGuire*, 520 F.3d 249, 253 (3d Cir. 2008) (explaining that an appeal only includes orders issued before the Notice of Appeal is filed).

1339 (11th Cir. 2019) (refusing to apply direct estoppel to an interlocutory order because it "is not a 'final decision' under 28 U.S.C. § 1291"). The four issue preclusion factors are easily satisfied in this case.[5] Thus, under present circumstances, I am precluded from revisiting the decision extinguishing the bond.[6] *Cf. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 397 n.24 (3d Cir. 1994) ("If an appeal is taken from only part of the judgment, the remaining part is *res judicata*, and the vacation of the portion appealed from and remand of the case for further proceedings does not revive the trial court jurisdiction of the unappealed portion of the judgment."); *Buddy Sys., Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164, 1169 (9th Cir. 1976) (holding that a failure to appeal an order exonerating a bond barred a second action to enforce the bond even though the defendant eventually won on appeal).

---

[5] They are that "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Burlington Northern R.R. Co. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (cleaned up). Here, after the parties fully briefed the issue, I determined that the PI Bond must be extinguished.

[6] Even if I were not precluded, I would simply affirm my earlier decision because I believe it was correct – a preliminary injunction bond must be extinguished after a final judgment on the merits and issuance of a permanent injunction, regardless of the defendant's success on appeal. *Broker Genius Inc. v. Seat Scouts LLC*, 2019 WL 3026754, at *4 (S.D.N.Y. July 11, 2019) (extinguishing bond prior to appeal). I would exercise my discretion to uphold the decision under the law-of-the-case doctrine. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Here, no new evidence has been produced, no new law announced, and my decision was not clearly erroneous. *See Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997).

HEC's successful attainment of a stay pending its merits appeal does not save its position. A stay merely "halt[s] or postpon[es] some portion of [the proceeding], or … *temporarily* divest[s] an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009) (emphasis added); *cf. Hassoun v. Searls*, 976 F.3d 121, 125 (2d Cir. 2020) (stay order pending appeal "is not a final adjudication on the merits"). Once the Federal Circuit's mandate was issued, the stay lifted and the order extinguishing the bond was resurrected. At that time, HEC may have been able to appeal the decision, but it failed to do so. Its argument that the Federal Circuit's "mandate issued in HEC's favor" caused the bond order to "never effectuate[,]" relies on the assumption that my decision was "premature[.]" (D.I. 891 at 18) But my decision, by its terms, rejected that assumption, and HEC should have brought that legal question to the Federal Circuit when it still could have.

## III. CONCLUSION

For the foregoing reasons, I will DENY HEC's Motion for Recovery of Damages Under the Injunction Bond (D.I. 871) and DENY Novartis's Motion to Strike HEC's Motion for Recovery of Damages Under the Injunction Bond (D.I. 887) AS MOOT.